Judge Buckkep-
delivered the opinion of the Court.
Henry Gibson filed his bill in chancery, in the Christian circuit court, to be relieved against a judgment at law, recovered against him by John C. M‘Lemore,.as assignee of William ■Pew, for the sum of three hundred dollars, with inte.-rest and costs.
The bill alleges the execution of the note sued on, to William Pew; that he delivered it to his brother, Henry Pew, to collect, as his agent and attorney in fact; that the complainant was informed, and believed, that Henry had rcceivedTrom the obligee, full power and authority, to make any disposition of the note he might think proper. It also alleges, that Henry, as agent, had, conditionally, assigned it to M‘Lemore, as the bail of Henry, at the suit of one M‘Gaver, for the sum of one hundred and. twenty dollars, with an express contract, however, that whenever said sum of one hundred and twenty dollars should be paid, or the bail released from his responsibility, it should be re-assigned to the obligee; that the complainant having no knowledge of the assignment thereof to M(Le-more, was requested, by the said agent, after the note became due, to pay to a man by the name of Hodge. §>435, assuring him of his agency, and unlitn- *223 lied power to dispose of the nóte, in any manner he might deem advisable; agreeing, as agent for the ob-ligee, that such payment should be in-discharge of it; and that the-remainder of said sum of $435, after deducting therefrom the amount of the note, should be paid to the complainant in some short time. He avers, that, influenced by those assurances, he had, as requested, paid $436 to said Hodge; and that, having been sued by M‘Lemore on said note, and judgment having been recovered against him, he had been compelled to replevy the debt, with Haling as his security. The bill contains a prayer, for an injunction against the judgment, and for general relief.
Certificate ui publication, against nonresidents, must shew that order was published two successive months., previous to day on which it was return’ able.
William and Henry Pew, M'Lemore and -Hilling, •were made defendants to the bill. The subpoena fn chancery was served on Hulingonly, and an order of publication, obtained against {he others-as non-residents. It was not, however, properly executed; the certificate of the printer not shewing that it had been published for two successive months, previous to the day on which it was returnable.
None of the defendants having answered the bill, it was taken as confessed. M‘Lemore then appeared, ■and moved the court to dissolve the injunction which had been obtained. The court sustained the motion, and the injunction was dissolved with damages and costs.
At a subseqentterm, the bill, by order of the court, was dismissed with costs; to reverse which, and the decree for damages and costs, this writ oí’ error is ■prosecuted by Gibson.
The record shews that the cause was very irregularly conducted, and the bill dismissed, when the proper parties were not before the court. The bill seems to have been carelessly drawn, and would have been more satisfactory, had the result of the agent’s powers been more explicitly stated.
It may be contended, that the language employed in stating them, is susceptible of a construction, by •which they would seem to depend, more upon the belief of the complainant, than upon direct averment. They may, nevertheless, be construed differently; *224 and we are of opinion, that the bill exhibits allega tions, which demand an answer; and without which the injunction ought not to have been dissolved.
Payment, by obligor to ob-ligee before notice of assignment, is good against assignee.
'Triplet!, for plaintiff; Monroe, for defendants.
We cannot say that it contains no good ground for the interference of the chancellor. The assignee of a note is bound by a payment made thereon to the obligee, before the obligor had received notice of the assignment. Had this been a contest between the complainant and the obligee, upon proof of adequate power on the part of the agent, payment to Hodge, under the circumstances set forth in the bill, might have been successfully relied upon, as a discharge of the note. Upon what view of the case the court ordered the bill to be absolutely dismissed, we are at a loss to determine. No reason was assigned on the record. If it was dismissed because the proper parties were not before the court, the dismission should have been without prejudice.
The decree of the circuit court must, therefore, be reversed with costs, and the cause remanded for further proceedings to be had, not inconsistent with this opinion.